Nivia Lisseth VELASQUEZ YANES, Petitioner,

v.

John ASHCROFT, Attorney General,\* Respondent.

No. 02–72465.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.\*\*

Decided June 23, 2004.

---

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Ser-

vice as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Robert G. Berke, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM ***

Nivia Lisseth Velasquez–Yanes, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance, without opinion, of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), this Court has jurisdiction under 8 U.S.C. § 1105a(a). We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft,* 345 F.3d 788, 791 (9th Cir.2003), and review adverse credibility determinations for substantial evidence, *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002). We deny the petition for review.

Taking Petitioner's testimony as true, we hold that substantial evidence supports the IJ's conclusion that the one vague threat made to Petitioner while she was detained for two hours did not establish past persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (recognizing that although threats may serve as the basis for a well-founded fear of future persecution, "[t]hreats themselves are sometimes hollow and, while uniformly unpleasant, often do not effect significant actual suffering or harm."). Substantial evidence in the record also supports the IJ's conclusion that Petitioner's fear of future persecution is not objectively reasonable in light of changed country conditions in Guatemala. *See Marcu v. INS,* 147 F.3d 1078, 1081 (9th Cir.1998). In sum, it cannot be said that the evidence presented by Petitioner was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). On this basis, we conclude that the IJ's

determination was supported by substantial evidence and Petitioner's asylum claim fails.

Finally, Petitioner's contention that the BIA violated her due process rights by failing to state its reasons for affirming the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Petitioner's voluntary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.